# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                               **Criminal Action No. 3:95-CR-12-03
(BAILEY)**

**RUFUS HOUSER**,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR
## REDUCED SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)

Pending before this Court is defendant's *pro se* Petitioner's Request for a Reduction of Sentence for a Crack Cocaine Offense Pursuant to Retroactive Amendment 750 to the Sentencing Guidelines and the Fair Sentencing Act of 2010 (Doc. 928). This Court finds that the defendant may be entitled to potential relief under the amendments to the Sentencing Guidelines, but in its discretion declines to grant any such relief. Accordingly, this Court will deny a reduction in sentence.

Pursuant to 18 U.S.C. § 3582(c), this Court may reduce the sentence of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).

18 U.S.C. § 3582(c)(2) provides that a "court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has

1

subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

In considering reductions under § 3582(c)(2), neither the appointment of counsel nor a hearing is required. **United States v. Dunphy**, 551 F.3d 247 (4th Cir. 2009).

"In determining the amended guideline range, this court will only make changes to the corresponding guideline provision, which is affected by Amendment [706], and all other guideline decisions will remain unaffected." **United States v. Gilliam**, 513 F.Supp.2d 594, 597 (W.D. Va. 2007), citing U.S.S.G. § 1B1.10. See **Dillon v. United States**, 130 S.Ct. 2683 (2010).

In determining whether to grant the sentence reduction, this Court must consider the factors set forth in 18 U.S.C. § 3553(a) to determine (1) whether a reduction in sentence is warranted; and (2) the extent of such reduction, but only within the limits described in U.S.S.G. § 1B1.10(b).

This Court has also considered the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining (1) whether a reduction in sentence is warranted; and (2) the extent of such reduction, but only within the limits described in U.S.S.G. § 1B1.10(b).

In this case, the defendant pled guilty to possession with intent to deliver cocaine base. The sentencing judge found a base offense level of 36, plus two levels for use of a

firearm and three levels for role in the offense, less three levels for acceptance of responsibility, resulting in a total guideline level of 38.  With a Criminal History Category of III, the guidelines provided for a range of 292-365 months.  The Court imposed a sentence of 292 months.

Under the retroactive 2007 crack guideline amendments, the base offense level would be 34, plus two levels for use of a firearm and three levels for role in the offense and less three levels for acceptance of responsibility, resulting in a total guideline level of 36. With a Criminal History Category of III, the guidelines provide for a range of 235-293 months.

The Guideline Amendments require this Court to consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining (1) whether a reduction in sentence is warranted; and (2) the extent of such reduction, but only within the limits described in U.S.S.G. § 1B1.10(b).

In this case, the defendant is an exceedingly dangerous individual.  He tried to have the confidential informant, who was his brother, killed.  In prison, he has continued to be a dangerous individual.  He has incurred violations in prison for fighting, possession of a dangerous weapon, assault, and threatening the prison staff.  Given the seriousness of the offense in question and the defendant's criminal history, this Court declined to reduce the defendant's sentence under the 2007 amendments, even though permissible under the Guideline Amendments (Doc. 895).

Under the Fair Sentencing Act of 2010, this Court must review the relevant conduct attributable to this defendant.  In this case, the parties stipulated and the sentencing Court

found that the relevant conduct was 875.97 grams of cocaine base. Using the 2010 cocaine base guidelines found at U.S.S.G. § 2D1.1, the base offense level would be 34, plus two levels for use of a firearm and three levels for role in the offense and less three levels for acceptance of responsibility, resulting in a total offense level of 36. With a Criminal History Category of III, the guidelines provide for a range of 235-293 months.

The applicable guidelines still require that this Court to consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining (1) whether a reduction in sentence is warranted; and (2) the extent of such reduction, but only within the limits described in U.S.S.G. § 1B1.10(b).

This Court's opinion concerning the dangerousness of the defendant has not changed since 2009 when this Court denied a reduction under the 2007 amendments.

For the reasons stated above, the defendant's *pro se* Petitioner's Request for a Reduction of Sentence for a Crack Cocaine Offense Pursuant to Retroactive Amendment 750 to the Sentencing Guidelines and the Fair Sentencing Act of 2010 **(Doc. 928)** is **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to the defendant and to all counsel of record herein.

**DATED:** January 25, 2013.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE